**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BILL TAYLOR,<br><br>       Plaintiff-Appellant,<br><br>  v.<br><br>COX COMMUNICATIONS CALIFORNIA, LLC, Erroneously Sued As: CoxCom, Inc., and CoxCom, LLC; COX COMMUNICATIONS, INC.; DOES, 1 through 50 inclusive,<br><br>       Defendants-Appellees. | No.  18-55053<br><br>D.C. No.<br>2:16-cv-01915-CJC-JPR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted August 16, 2019
Pasadena, California

Before:  CALLAHAN and CHRISTEN, Circuit Judges, and CHEN,[**] District Judge.

Plaintiff-appellant, Bill Taylor ("Taylor"), represents a certified class of field

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

technicians employed by defendant-appellee, Cox Communications California, LLC ("Cox"), in this diversity wage-and-hour class action. Cox field technicians travel in company vehicles to customer residences to install and repair Cox's television and internet services. Some Cox field technicians participate in an employee program known as Home Start, which permits them to keep their company vehicles at home during non-working hours and commute directly to their field assignments from home, rather than from the company depot. According to Taylor, Cox violated California law by not compensating its Home Start field technicians for their time spent commuting home from their last field assignments in company vehicles. The district court granted summary judgment in favor of Cox, which Taylor now appeals. We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court's summary judgment order.

Because the parties are familiar with the facts of this case, we do not discuss them at length here. Taylor alleges that the time Cox's Home Start field technicians spend commuting home in their company vehicles qualifies as compensable "hours worked" under California law. To prevail on this claim, Taylor must demonstrate either that, during this commute time, (1) the field technicians were "subject to the control" of Cox, or (2) they were "suffered or permitted to work." *See Morillion v. Royal Packing Co.*, 995 P.2d 139, 143-46 (Cal. 2000). The district court found that Taylor was unable to present a genuine

2

issue of material fact as to either claim. We agree.

First, Taylor fails to present a genuine issue of material fact as to whether Cox's Home Start field technicians were "subject to the control" of Cox during their commutes home. To satisfy this element, Taylor must show that Cox exercised a sufficient level of "control" over its field technicians during their commute, and that Cox also required its field technicians to drive to and from home in their company vehicles. *See Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1054-55 (9th Cir. 2015) ("[T]o prevail at trial [plaintiff] must prove not only that Hobart's restrictions on him during his commute in Hobart's vehicle are such that he is under Hobart's control, but also that, despite Hobart's profession that use of its vehicles is voluntary, employees are, as a practical matter, required to commute in Hobart's vehicles."); *Morillion*, 995 P.2d at 147 ("Time employees spend traveling on transportation that an employer provides but does not require its employees to use may not be compensable as 'hours worked.'"). Here, the record shows no genuine dispute that Cox did not require its field technicians to commute home in company vehicles because Home Start is a voluntary program. As an alternative to Home Start, Cox's field technicians have the option to participate in Office Start, which allows them to commute between home and the company depot in their personal vehicles (time which is not compensated), and drive their company vehicles from the depot to their work assignments for the day. Because

3

Taylor failed to present any genuine dispute as to this fact, the district court did not err in granting summary judgment on the "subject to the control" element of his claim.

Second, Taylor also has not shown that the district court erred in concluding that, because Home Start participants "do not engage in any additional work-related tasks and the transportation of tools and equipment does not add any time to their commutes[,] . . . no reasonable juror could find that the class members here were 'suffered or permitted to work' during their commutes home." We find Taylor's argument that the district court erroneously relied on federal, rather than California, law unavailing in light of *Hernandez v. Pacific Bell Telephone Co.*, 239 Cal. Rptr. 3d 852 (Cal. Ct. App. 2018), *review denied* (Feb. 13, 2019), wherein the California Court of Appeal addressed identical issues on a similar set of facts and reached the same conclusions as the district court in this case. "In the absence of any decision on this issue from the California Supreme Court, we are bound by . . . the ruling of the highest state court issued to date." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1266 (9th Cir. 2017); *see also Miller v. Cty. of Santa Cruz*, 39 F.3d 1030, 1036 n.5 (9th Cir. 1994), *as amended* (Dec. 27, 1994) ("A state appellate court's announcement of a rule of law is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other

4

persuasive data that the highest court of the state would decide otherwise."

(citation and quotation marks omitted)).

The district court's grant of summary judgment is **AFFIRMED.**